### Benjamin Smith *v.* Onion & Lovell

[Same Case, *ante*, page 427.]

In a case appealed to this court from the court of chancery a motion to suppress testimony will not be heard as a preliminary question,—but only upon the general hearing of the case.

Testimony will not be suppressed, merely for the reason that it was taken by one who is master in chancery in an adjoining county. The power of the court of chancery to appoint such a person a special examiner cannot be doubted; and the appointment of a special examiner need not appear upon the papers in the case.

Appeal from the court of chancery. Before the reading of the testimony in the case was commenced, in this court, a motion was called up, which had been filed in the court of chancery and overruled there, to suppress the testimony in the case, on the ground of want of authority in the examiner to take testimony in this county, he being a master in chancery in an adjoining county.

Hilton et al. *v.* Fullerton.

By the Court. Such questions are not heard in this court as preliminary questions; but only at the general hearing of the case. And so far as the authority of this examiner depended upon the right of the court to appoint him,—which could hardly be questioned, —we ought, perhaps, to consider it as confirmed by the court of chancery, in overruling the motion to suppress upon that ground. We are not aware, that the appointment of a special master, or examiner, to take testimony in a case must necessarily appear in the papers of the case. The chancellor may make the appointment by a commission under his own hand, which the examiner may retain in the same manner a general master retains his commission,—never sending it up with testimony which he takes.